FORM 26. Docketing Statement                                                Form 26 (p. 1)
                                                                            July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## DOCKETING STATEMENT

**Case Number:** 23-1661

**Short Case Caption:** Oman Fasteners, LLC v. US

**Filing Party/Entity:** Mid Continent Steel & Wire, Inc.

**Instructions:** Complete each section or check the box if a section is intentionally blank or not applicable. Attach additional pages as needed. Refer to the court's Mediation Guidelines for filing requirements. An amended docketing statement is required for each new appeal or cross-appeal consolidated after first filing.

| Case Origin | Originating Number | Type of Case |
|---|---|---|
| Court of International Trade | 1:22-cv-00348-MMB | 28 U.S.C. § 1581(c) |

**Relief sought on appeal:** ☐ None/Not Applicable

Reversal of the Court of International Trade's ("CIT") judgment permanently enjoining the U.S. Department of Commerce ("Commerce") from collecting cash deposits on subject merchandise at a rate of 154.33 percent, pending final resolution of the merits of the underlying appeal.

**Relief awarded below (if damages, specify):** ☐ None/Not Applicable

The CIT granted a permanent injunction, enjoining Commerce from requiring cash deposits on imports of subject merchandise at a rate of 154.33 percent after finding that Commerce abused its discretion in the underlying review in several ways. The CIT ordered that Commerce require cash deposits on imports of subject merchandise at a rate of 1.65 percent, pending further order of the CIT.

**Briefly describe the judgment/order appealed from:**

The judgment being appealed arises from a Commerce antidumping review. A foreign respondent challenged Commerce's decision not to grant a retroactive extension of time after it missed a filing deadline. This resulted in a final margin of 154.33% based on total adverse facts available. Respondent appealed, seeking preliminary injunction and other relief. After expedited proceedings, the CIT granted a permanent injunction after finding abuses of discretion by the agency.

**Nature of judgment (select one):**        **Date of judgment:** 2/15/23

☐ Final Judgment, 28 USC § 1295
☐ Rule 54(b)
☒ Interlocutory Order (specify type) Injunction, pending remand results (28 U.S.C. § 1292(a)(1))
☐ Other (explain) _____

FORM 26. Docketing Statement                                         Form 26 (p. 2)
                                                                        July 2020

Name and docket number of any related cases pending before this court, and the name of the writing judge if an opinion was issued. ☑ None/Not Applicable

[ ]

Issues to be raised on appeal: ☐ None/Not Applicable

(1) Whether the CIT abused its discretion by consolidating the hearing for a preliminary injunction with a trial on the merits under USCIT R. 65, and (2) whether the CIT erred in finding that the permanent injunction standard was met.

Have there been discussions with other parties relating to settlement of this case?
☐ Yes   ☑ No

If "yes," when were the last such discussions?
  ☐ Before the case was filed below
  ☐ During the pendency of the case below
  ☐ Following the judgment/order appealed from

If "yes," were the settlement discussions mediated?   ☐ Yes   ☐ No

If they were mediated, by whom?

[ ]

Do you believe that this case may be amenable to mediation? ☐ Yes  ☑ No

Explain.

This case is not amenable to mediation because it involves challenges to agency decisions under U.S. trade laws, and presents legal and factual questions that require the Court's resolution.

Provide any other information relevant to the inclusion of this case in the court's mediation program.

N/A

Date: 3/27/23              Signature: /s/ Adam H. Gordon

                           Name:       Adam H. Gordon

Save for Filing