2023-1661

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

_____

**OMAN FASTENERS, LLC,**
*Plaintiff-Appellee*

**v.**

**UNITED STATES,**
*Defendant*

**MID CONTINENT STEEL & WIRE, INC.,**
*Defendant-Appellant*

_____

Appeal from the United States Court of International Trade in No. 1:22-cv-00348-MMB, Judge M. Miller Baker

_____

## APPELLANT'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS APPEAL AS MOOT

Adam H. Gordon
Jennifer M. Smith-Veluz
**THE BRISTOL GROUP PLLC**

Dated:  February 8, 2024          *Counsel to Defendant-Appellant Mid Continent Steel & Wire, Inc.*

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ..............................................................................i

TABLE OF AUTHORITIES .....................................................................ii

I.   INTRODUCTION ...............................................................................1

II.  BACKGROUND ................................................................................ 2

III. DISCUSSION ................................................................................... 8

   A.  Legal Standard ............................................................................ 8

   B.  The Permanent Injunction Remains in Effect ............................... 8

   C.  Vacating the Permanent Injunction Will Necessarily Require
       Retroactive Collection of Relevant Cash Deposits ....................... 13

   D.  OF's Allegations of Abuse of Process are Meritless, Disingenuous,
       and Have No Bearing on Alleged Mootness ................................. 13

   E.  OF's Use of the Motion to Continue Briefing Its Standing
       Argument Constitutes Improper Supplemental Briefing That
       Should be Rejected ....................................................................... 15

IV.  CONCLUSION ............................................................................... 16

# TABLE OF AUTHORITIES

## CASES

*Canadian Lumber Trade Alliance v. United States,*
   517 F.3d 1319 (Fed. Cir. 2008).................................................................8

*Medtronic, Inc. v. Teleflex Life Scis. Ltd.,*
   86 F.4th 902 (Fed. Cir. 2023) ...................................................14, 15, 16

*Momenta Pharms., Inc. v. Bristol-Myers Squibb Co.,*
   915 F.3d 764 (Fed. Cir. 2019).................................................................8

*Oman Fasteners, LLC v. United States,*
   Order 23-17, Court No. 22-00348 (Ct. Int'l Trade Feb. 15, 2023)
   ................................................................................................. passim

*Oman Fasteners, LLC v. United States,*
   Slip Op. 23-17, Court No. 22-00348 (Ct. Int'l Trade Feb. 15, 2023,
   amended Feb. 27, 2023).........................................................................3

*Oman Fasteners, LLC v. United States,*
   Slip Op. 24-1, Court No. 22-00348 (Ct. Int'l Trade Jan. 5, 2024)
   ................................................................................................. passim

*Syntex Ophthalmics, Inc. v. Novicky,*
   795 F.2d 983 (Fed. Cir. 1986)....................................................9, 10, 11

## STATUTES

19 U.S.C. § 1675.........................................................................................3

**ADMINISTRATIVE DETERMINATIONS & PUBLICATIONS**

*Certain Steel Nails from the Sultanate of Oman,*
     88 Fed. Reg. 85,878 (Dep't of Commerce Dec. 11, 2023)...................2, 5

*Certain Steel Nails from the Sultanate of Oman: Final Results of*
     *Antidumping Duty Administrative Review*; 2020–2021,
     87 Fed. Reg. 78,639 (Dep't of Commerce Dec. 22, 2022).......................3

**OTHER AUTHORITIES**

Fed. Cir. R. 32(b)(1) ....................................................................16

20 Moore's Federal Practice—Civil § 303.32[2][a][ii] ..............................6

## I.    INTRODUCTION

Defendant-Appellant Mid Continent Steel & Wire, Inc. ("Mid Continent") hereby responds in opposition to the Motion to Dismiss Appeal As Moot (the "Motion") filed by Plaintiff-Appellee Oman Fasteners, LLC ("OF").

This appeal is not moot.  As discussed below, the permanent injunction giving rise to this appeal remains in effect.  *See Oman Fasteners, LLC v. United States*, Order 23-17, Court No. 22-00348 (Ct. Int'l Trade Feb. 15, 2023) at ¶ 7 ("The foregoing injunction shall remain in effect until further order of the court.").  It was not vacated by operation of law either by the final order of the U.S. Court of International Trade ("the Trade Court") in the underlying appeal of the antidumping ("AD") review (the "Sixth Review")[1], or by the final results in the seventh administrative review (the "Seventh Review"), *Certain*

---

[1] The Trade Court issued a final judgment in the Sixth Review on January 5, 2024, when it sustained the remand determination by the U.S. Department of Commerce ("Commerce") pursuant to the Trade Court's instructions.  *See Oman Fasteners, LLC v. United States*, Slip Op. 24-1, Court No. 22-00348 (Ct. Int'l Trade Jan. 5, 2024) (public version issued Jan. 16, 2024).

*Steel Nails from the Sultanate of Oman*, 88 Fed. Reg. 85,878 (Dep't of Commerce Dec. 11, 2023) (final results), or otherwise.

## II.    BACKGROUND

This case relates to an AD proceeding covering steel nails from Oman.  Mid Continent is the largest American producer of steel nails and is the petitioner in the underlying AD proceeding.  OF is the largest producer of steel nails in Oman and one of the largest shippers of steel nails to the United States from any foreign country.

An AD order was imposed in 2015.  Since then, Commerce has conducted a series of periodic administrative reviews pursuant to 19 U.S.C. § 1675.  These reviews determine the assessment rate used to calculate the final amount of duties on the specific imports examined, and also set the cash deposit rate used by U.S. Customs and Border Protection ("CBP") to collect deposits of estimated duties on future imports.

During the Sixth Review, Commerce assigned a rate of 154.33 percent to OF after determining that the company had failed to cooperate by failing to act to the best of its ability to respond to Commerce's requests for information (the "AFA Determination").

2

The AFA Determination was made after OF failed to timely file a complete response to one of Commerce's requests for information (a supplemental questionnaire), and ignored its lapse and failed to request an extension of time until after Commerce realized all that had happened and rejected the late response 38 days later. *See Certain Steel Nails from the Sultanate of Oman: Final Results of Antidumping Duty Administrative Review*; 2020–2021, 87 Fed. Reg. 78,639 (Dep't of Commerce Dec. 22, 2022).

OF appealed to the Trade Court and sought preliminary injunctive relief. The Trade Court *sua sponte* converted OF's motion for preliminary injunctive relief to a motion for permanent injunctive relief combined with a ruling on the merits, holding *inter alia* that Commerce's decisions to reject the late response, use adverse facts available and apply a 154.33% rate (the "AFA Issue"), was both an abuse of discretion and unlawful, respectively. *See Oman Fasteners, LLC v. United States*, Slip Op. 23-17, at 4, 15, 18–19, 38. (Ct. Int'l Trade Feb. 15, 2023, amended Feb. 27, 2023), Appx0001–0039. The Trade Court then remanded the appeal to Commerce for further proceedings

consistent with its ruling (the "Remand Order").  *See Oman Fasteners, LLC v. United States*, Order 23-17, at ¶ 3.

Pursuant to the Remand Order, Commerce was enjoined from rejecting the late response, enjoined to consider the late response, and enjoined to instruct CBP to require future cash deposits of estimated duties using a rate of 1.65% instead of the 154.33% margin.  *See id.* at ¶¶ 4–6.

Mid Continent filed this interlocutory appeal, challenging the Remand Order granting the Permanent Injunction against Commerce, and enjoining it from requiring cash deposits at the 154.33% rate.  Mid Continent further sought dissolution of the Permanent Injunction and retroactive imposition of the 154.33% cash deposit rate.  *See* ECF No. 20 at 2.

Mid Continent sought expedited briefing of this appeal based on its good faith belief at the time that the cash deposit rate set in the final results of the subsequent Seventh Review would "supersede the 1.65 percent rate imposed by the Trade Court, thus mooting any challenge to

the permanent injunction."[2]  ECF No. 5.  OF opposed.  *See* ECF No. 8.
This Court denied Mid Continent's motion, implicitly rejecting Mid
Continent's arguments.  *See* ECF No. 12.

To the extent that it has any bearing on OF's Motion, the final
results of the Seventh Review were published on December 23, 2023.
*See Certain Steel Nails from the Sultanate of Oman*, 88 Fed. Reg. 85,878
(Dep't of Commerce Dec. 11, 2023) (final results).  OF has commenced
an appeal in the Trade Court contesting the Seventh Review results.[3]

While this appeal of the Permanent Injunction was pending,
Commerce completed its remand determination.  During the remand,
Mid Continent argued that Commerce should hold firm to its AFA
determination.  OF opposed.  In its final decision, Commerce revised
OF's AD margin to 0.00 percent.

The Trade Court then sustained Commerce's remand
determination.  In its order, the Trade Court expressly stated that the

---

[2] Upon further reflection, Mid Continent no longer believes that cash
deposit rate set in the Seventh Review moots the challenge to the
Permanent Injunction, as detailed below.

[3] *See* Summons (ECF No. 1) in Trade Court No. 24-00008 (Jan. 10,
2024).

AFA Issue, raised by Mid Continent during the remand proceeding and
subsequent proceedings before the Trade Court, was already on appeal
before this Court, and as a result it was jurisdictionally precluded from
revisiting it.  The Trade Court stated that

> whether Commerce should have rejected Oman's
> supplemental questionnaire response and assigned the
> company a 154.33 percent dumping margin based on
> the use of facts otherwise available with an adverse
> inference {is} an argument that the court rejected in its
> earlier opinion and is pending on appeal.

*Oman Fasteners, LLC v. United States*, Slip Op. 24-1 at 5.  The
Trade Court further stated that "{b}ecause an appeal is
pending, the court lacks jurisdiction to reconsider this issue.
*See* 20 Moore's Federal Practice—Civil § 303.32[2][a][ii]." *Id.* at
5 n.1.

Mid Continent appealed the Final Order.  That appeal also is
pending before this Court ("Case No. 24-1350").  Briefing has not yet
commenced in Case No. 24-1350.  Mid Continent filed that appeal to
ensure that it preserved its ability to seek review, by this Court, of the
AFA Issue in this appeal.

6

Mid Continent has moved to stay Case No. 24-1350 (the "Motion to Stay")[4] for the following reasons:

i. Briefing in Case No. 24-1350 would be duplicative of the briefing in this appeal as to the AFA Issue, because the facts, record, issue, analysis, and parties are identical and arise from the same factual record;

ii. The Court's decision concerning the AFA Issue in this appeal should be dispositive of the identical AFA Issue in Case No. 24-1350;

iii. The interests of judicial economy would be served by preserving judicial resources while protecting the parties' rights, obviating the need for unnecessary briefing and the concomitant costs arising therefrom; and

iv. The Trade Court specifically noted that the AFA Issue, raised by Mid Continent during the remand proceeding and subsequent proceedings before the Trade Court, was already before this Court in this appeal, holding that it was

---

[4] *See* Case No. 24-1350, ECF No. 11 (Jan. 29, 2024).

jurisdictionally precluded from revisiting it.  *See Oman Fasteners, LLC v. United States*, Slip Op. 24-1 at 5 & n.1.

Mid Continent's Opening Brief in Case No. 24-1350 is currently due on or before March 12, 2024.  OF informed Mid Continent that it opposes the Motion to Stay and intends to file a response.

## III.  DISCUSSION

### A.  Legal Standard

 "If a case does not present a case or controversy due to developments during litigation, those claims become moot." *Canadian Lumber Trade Alliance v. United States*, 517 F.3d 1319, 1338 (Fed. Cir. 2008) (quotations omitted).  In essence, "mootness is the doctrine of standing set in a time frame; that is, the requisite personal interest that must exist at the time of commencement of the litigation (standing) must continue throughout its existence (mootness)." *Momenta Pharms., Inc. v. Bristol-Myers Squibb Co.*, 915 F.3d 764, 770 (Fed. Cir. 2019) (quotations and alteration omitted).

### B.  The Permanent Injunction Remains in Effect

The Permanent Injunction, by its own terms, remains in effect. The Trade Court's Order explicitly states that the Permanent Injunction "shall remain in effect until further order of the court."

8

*Oman Fasteners, LLC v. United States*, Order 23-17, Court No. 22-00348 (Ct. Int'l Trade Feb. 15, 2023) at ¶ 7. The Trade Court did not issue any further order altering or vacating the Permanent Injunction. Indeed, the Trade Court has acknowledged that the AFA Issue remains a live controversy before this Court. *See Oman Fasteners, LLC v. United States*, Slip Op. 24-1 at 5 & n.1.

In its Motion, OF has described the Permanent Injunction both as "ongoing," Motion, ECF No. 48, at 18, and also, somehow, "no longer in effect" by operation of law, *id.* at 17. OF relies upon *Syntex Ophthalmics, Inc. v. Novicky*, 795 F.2d 983 (Fed. Cir. 1986), as authority for the proposition that the Permanent Injunction is "no longer in effect", as by operation of law, the cash deposits "are now governed by the Seventh Review." *Id.* OF's reliance on *Syntex* is misplaced.

Indeed, OF should have acknowledged the entirely different nature of the proceedings and the injunction in *Syntex*, given that OF hinges its entire "mootness by operation of law" argument on this case. *Syntex* was not concerned with a permanent injunction at all, but rather an injunction that had a precisely defined duration and expiration date

9

— *i.e.*, "eight years until May 12, 1986" (the "Expiration Date"). 795 F.2d 983 at 985.

Furthermore, in *Syntex*, it was simply when the Expiration Date passed, as defined in the Order granting the injunction, that the injunction became no "longer in effect" by operation of law. *Id.* *Syntex* is not even remotely close to the facts of this case and nature of the Permanent Injunction in this appeal. In arguing this "mootness by operation of law" point, OF ignores the words of the Trade Court, which unambiguously stated that the Permanent Injunction *"shall remain in effect until further order of the court." See Oman Fasteners, LLC v. United States*, Order 23-17 at ¶ 7.

Notwithstanding OF's misguided reliance on *Syntex*, it could potentially be of some assistance in resolving this Motion, wherein the Court stated:

> On remand the District Court entered an injunction {…} for eight years until May 12, 1986. That date has now passed and the injunction is no longer in effect. <u>We are not informed as to any current or future consequences which could keep alive any controversy over the terms or duration of that expired injunction.</u> Accordingly, that whole question is now moot; it need not, and should not, be further considered. In the circumstances, there is likewise no need to vacate the expired injunction.

795 F.2d 983 at 985. (emphasis added). Notably, to satisfy itself on the issue of mootness, the court in *Syntex* held that no argument was presented to it that would convince it of the existence of any live controversy and, as a consequence, the Court was satisfied that injunction was moot.

Conversely, in this appeal, the parties have thoroughly briefed the nature and extent of the live issues and controversy between the parties, which go to the very heart of the terms, duration, and real-world effect of the Permanent Injunction, the AFA Issue and, indeed, any Article III issues.

Moreover, *Syntex* was concerned with an injunction that clearly had expired by its own terms. Yet, importantly, even despite a clear expiration date, the Court remained amenable to argument to demonstrate that it was not moot.

OF states that Mid Continent "told Oman Fasteners that, notwithstanding the injunction no longer being in effect, it would like this Court to decide in this appeal the lawfulness of the 154.33% punitive rate." Motion, ECF No. 48, at 22. OF uses commas to set off the phrase "notwithstanding the injunction no longer being in effect",

plainly intending the reader to believe that Mid Continent has conceded

that the injunction is no longer in effect and this appeal is moot.  Its

phrasing, far from reflecting effective advocacy, is highly misleading

and untrue.  In fact, what Mid Continent's counsel told OF's counsel via

email was unambiguous:

> CAFC appeal 23-1661 is not moot and was not mooted
> by completion of the seventh periodic review at the
> Commerce Department.  Aside from the cash deposit
> rate, the CAFC appeal will decide the AFA issue.
> Indeed, Judge Baker acknowledged this {in} the
> opinion released this morning, which affirmed the
> Commerce Department's determination following
> remand in the sixth review.[5]

OF's reliance on inapposite case law and deliberately distorted

and misleading summaries of communications highlights the weakness

of its argument.  This appeal has not been mooted.  The Court can and

should proceed to hear the appeal and render a decision concerning the

Permanent Injunction and all subsidiary issues including the AFA

Determination.

---

[5] *See* redacted email chain "RE: Oman Fasteners v. United States (Fed
Cir. Appeal)", attached hereto as Exhibit 1.

**C.     Vacating the Permanent Injunction Will Necessarily Require Retroactive Collection of Relevant Cash Deposits**

OF presents a lengthy hypothetical (while admitting that the Permanent Injunction is "ongoing") claiming that any argument advanced by Mid Continent for "retroactive relief from this Court for the injunction period in the form of a retroactive collection of cash deposits in an amount corresponding to the 154.33% rate for the applicable period" would be "frivolous." *Id.* at 18–20.

Mid Continent disputes this characterization of its briefing, and points out the obvious: if the Permanent Injunction is reversed, one natural consequence would be the retroactive collection of cash deposits on relevant entries.  Given OF's strenuous efforts to discuss this issue, it clearly is aware that this would occur.

**D.     OF's Allegations of Abuse of Process are Meritless, Disingenuous, and Have No Bearing on Alleged Mootness**

OF contends that Mid Continent is engaging in an abuse of process, attempting to circumvent this Court's brief and word limits for individual appeals by submitting two sets of appellate briefs on the same issue.  *See id.* at 23–25.

OF's arguments are disingenuous. Conspicuous by its absence in the Motion is any acknowledgment that, before it filed the Motion, OF knew of Mid Continent's intention to file the Motion to Stay specifically to avoid additional briefing in Case No. 24-1350 on an issue already joined and fully briefed in this appeal.

Notwithstanding OF's knowledge of this fact, OF then proceeded to file this Motion, making unfounded assertions that Mid Continent intends to abuse the Court's processes. This is simply not corroborated in any way by the facts or by Mid Continent's basis for its Motion to Stay.

Furthermore, OF's reliance on *Medtronic, Inc. v. Teleflex Life Scis. Ltd.*, 86 F.4th 902 (Fed. Cir. 2023) is similarly suspect. Following the completion of briefing and before oral argument took place in *Medtronic*, the Court issued decisions in three cases on related patents with similar claims, the same priority date, and overlapping references (the "Related Decisions"). At oral argument, <u>despite the Court finding waiver of its argument in its opening brief</u>, counsel for Medtronic persisted in attempting to incorporate an argument from one of the Related Decisions, and asked to the Court to decide in accordance with

that decision. *See* 86 F.4th 902 at 906.  The Court rejected Medtronic's

clear attempt to argue by incorporation and circumvent word count for

briefs already on the record. *Id*.

Here, by contrast, the AFA Issue is squarely before this Court in

the appeal, no supplemental briefing is sought by Mid Continent,

briefing in Case No. 24-1350 has not commenced, and no briefing in

Case No. 24-1250 would be required if it is stayed pending a decision in

this appeal.  *Medtronic* is simply inapplicable, not only for this Motion

broadly — as it has no bearing on mootness — but more specifically

because its facts and procedural posture are so radically different from

the relationship between this appeal and the appeal in Case No. 24-

1350.

### E.   OF's Use of the Motion to Continue Briefing Its Standing Argument Constitutes Improper Supplemental Briefing That Should be Rejected

Throughout the Motion, OF repeatedly alludes to its challenge to

Mid Continent's Article III standing in this appeal.  Mid Continent and

OF have fully briefed the issue of Article III standing in this appeal.

*See* ECF Nos. 20, 22, 24.  OF's use of its Motion to present what

amounts to supplemental briefing on this issue is improper, as it has

not brought a motion for such relief. *See Medtronic*, 86 F.4th 902 at

907; Fed. Cir. R. 32(b)(1). That standing issue is irrelevant to the

mootness argument in the instant Motion, which is ostensibly

concerned with whether a live case or controversy persists.

## IV.   CONCLUSION

OF's Motion should be denied. The Permanent Injunction

remains in effect, and this appeal presents a live case and controversy.

As the discussion above demonstrates, contrary to Mid Continent's

inaptly-phrased suggestion when seeking expedited briefing in this

appeal, completion of the Seventh Review did not moot this appeal,

even with regard to the issue of cash deposits. Vacating the Permanent

Injunction would necessarily allow Commerce to collect applicable cash

deposits on relevant unliquidated imports. Vacating the Permanent

Injunction also would involve reversing the Trade Court's ruling on the

AFA Determination, which would allow Commerce to order assessment

of 154.33% AD duties on the imports covered by the Sixth Review.

For the foregoing reasons, Mid Continent respectfully submits

that the Court should deny the Motion.

Respectfully submitted,

*/s/ Adam H. Gordon*
Adam H. Gordon, Esq.
Jennifer M. Smith-Veluz, Esq.
**THE BRISTOL GROUP PLLC**
1707 L Street, NW, Suite 570
Washington, DC 20036
202-991-2700

Dated:  February 8, 2024         *Counsel to Defendant-Appellant Mid*
*Continent Steel & Wire, Inc.*

17

**FORM 9. Certificate of Interest**

Form 9 (p. 1)
March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---:|:---|
| **Case Number** | 23-1661 |
| **Short Case Caption** | Oman Fasteners, LLC v. US |
| **Filing Party/Entity** | Mid Continent Steel & Wire, Inc. |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 02/08/2024

Signature:  */s/Adam H. Gordon*

Name:  Adam H. Gordon

FORM 9. Certificate of Interest

Form 9 (p. 2)
March 2023

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☐ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Mid Continent Steel & Wire, Inc. | | Wholly owned by DEACARO USA Inc., a subsidiary of DEACARO S.A.P.I de C.V. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

FORM 9. Certificate of Interest

Form 9 (p. 3)
March 2023

---

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable             ☐   Additional pages attached

| The Bristol Group PLLC | Adam H. Gordon | Lauren N. Fraid* *no longer with the Bristol Group |
| | Jennifer M. Smith-Veluz | |
| | Benjamin J. Bay | |

---

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☒   Yes (file separate notice; see below)    ☐   No    ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

---

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable             ☐   Additional pages attached

| | | |
| | | |

# <u>CERTIFICATE OF COMPLIANCE</u>

This response complies with the type-volume limitation of Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure.

This response contains 2979 words.

This response complies with the typeface requirements Rule 32(a)(5) of the Federal Rules of Appellate Procedure, and the typestyle requirements of Rule 32(a)(6) of the Federal Rule of Appellate Procedure, in accordance with Rule 27(d)(1)(E) of the Federal Rule of Appellate Procedure.

This response has been prepared in a proportionally spaced type face using Microsoft Word in Century Schoolbook 14-point font.


Dated:  February 8, 2024

*/s/ Adam H. Gordon*
Adam H. Gordon
**THE BRISTOL GROUP PLLC**
*Counsel to Defendant-Appellant Mid Continent Steel & Wire, Inc.*

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of February, 2024, a copy of

the foregoing response was served on the following parties by operation

of the Court's electronic-filing system:

Michael P. House
Michael R. Huston
Andrew T. Dufresne
Jonathan I. Tietz
Perkins Coie LLP
700 Thirteenth Street NW
Suite 800
Washington, DC 20005

*/s/ Adam H. Gordon*
Adam H. Gordon
**THE BRISTOL GROUP PLLC**
*Counsel to Defendant-Appellant Mid
Continent Steel & Wire, Inc.*

Dated:  February 8, 2024

# EXHIBIT 1

| | |
|---|---|
| **From:** | Adam Gordon |
| **To:** | Huston, Michael (Perkins Coie) |
| **Cc:** | House, Michael P. (Perkins Coie); Caridas, Andrew (Perkins Coie); Jones, Angela R. (Angie) (Perkins Coie); Dufresne, Andrew (Perkins Coie); Jennifer Smith; Benjamin Bay |
| **Subject:** | RE: Oman Fasteners v. United States (Fed Cir. appeal) |
| **Date:** | Friday, January 5, 2024 6:10:00 PM |
| **Attachments:** | image001.png |

Michael,

CAFC appeal 23-1661 is not moot and was not mooted by completion of the seventh periodic review at the Commerce Department. Aside from the cash deposit rate, the CAFC appeal will decide the AFA issue. Indeed, Judge Baker acknowledged this is the opinion released this morning, which affirmed the Commerce Department's determination following remand in the sixth review. In light of this, we assess that your chances of succeeding on a motion to dismiss are quite low.

As you are no doubt aware, even if you were to succeed on a motion to dismiss, that would only delay the CAFC's review of the AFA issue for a brief period, during which your firm's exposure will continue to increase. The CIT decision issued this morning will give rise to a (c) appeal of the AFA issue in the near future. So, by all appearances, a motion to dismiss, even if successful, will only moderately delay review of the AFA issue. Under the circumstances, one might reasonably ask whether the effort to prepare and litigate a motion to dismiss is worth your firm's time and resources.

Next, we assess that your chances of success on any motion filed pursuant to Rule 38 are very low. To be clear, any such motion would be frivolous on its face, and invite a request for fees and costs incurred by our client to respond.

[

Redacted - Settlement Communications

]

Please let me know how you would like to proceed.

Have a good weekend,

Adam


Adam H. Gordon
The Bristol Group PLLC
1707 L Street NW
Suite 570
Washington, DC 20036
D: 202.991.2701
M: 703.593.6191
E: adam.gordon@bristolgrouplaw.com
W: www.bristolgrouplaw.com



**CONFIDENTIALITY NOTICE:**

*This message is being sent by or on behalf of a lawyer; it is intended for the exclusive use of the individual or entity to which it is addressed and may contain information that is privileged or confidential or otherwise legally exempt from disclosure.  If you are not the named addressee or an employee or agent responsible for delivering this message to the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it.  If you have received this message in error, please notify us immediately by e-mail and delete all copies of the message.*

**From:** Huston, Michael (Perkins Coie) <MHuston@perkinscoie.com>
**Sent:** Thursday, December 28, 2023 3:23 PM
**To:** Adam Gordon <adam.gordon@bristolgrouplaw.com>
**Cc:** House, Michael P. (Perkins Coie) <MHouse@perkinscoie.com>; Caridas, Andrew (Perkins Coie) <ACaridas@perkinscoie.com>; Jones, Angela R. (Angie) (Perkins Coie) <AJones@perkinscoie.com>; Dufresne, Andrew (Perkins Coie) <ADufresne@perkinscoie.com>; Jennifer Smith <jennifer.smith@bristolgrouplaw.com>; Benjamin Bay <bbay@bristolgrouplaw.com>
**Subject:** RE: Oman Fasteners v. United States (Fed Cir. appeal)

Adam,

Thanks for your response. We can wait for you all to get back to us until the after the New Year. Can you let us know your position by the end of next week? January 5? We'd like to get the necessary document (be it a stipulation of dismissal or a motion by Oman Fasteners to dismiss the appeal) on file with the Court of Appeals before the Court schedules the case for oral argument, because we want to avoid disrupting the Court's schedule if at all possible. We think that's what the Court will expect from us given

that all the parties anticipated this issue months ago.

On the fees issue, if Mid Continent forces Oman Fasteners to file a motion to dismiss the appeal, then my present intention would be to also move the Court to have Mid Continent pay our attorneys' fees for preparing that motion under Federal Rule of Appellate Procedure 38. Mid Continent needs a non-frivolous basis to "proceed[ ] with" an appeal just as it needed a non-frivolous basis to file the appeal in the first place. Federal Circuit's Practice Note to Rule 38. The Court "enforce[s] this rule vigorously." *Ibid*. We don't contend that your appeal was frivolous when filed, but it is now plainly moot—as your March motion to expedite recognized—and there is no longer any non-frivolous ground for Mid Continent to proceed with asking the Court of Appeals for relief or asking Oman Fasteners to incur the expenses associated with defending the appeal.

Michael

**Michael Huston** | **Perkins Coie LLP**
FIRMWIDE CO-CHAIR – Appeals, Issues & Strategy
Washington, DC | Phoenix, AZ
202.434.1630
MHuston@perkinscoie.com

---

**From:** Adam Gordon <adam.gordon@bristolgrouplaw.com>
**Sent:** Wednesday, December 27, 2023 11:53 AM
**To:** Huston, Michael (PHX) <MHuston@perkinscoie.com>
**Cc:** House, Michael P. (WDC) <MHouse@perkinscoie.com>; Caridas, Andrew (WDC) <ACaridas@perkinscoie.com>; Jones, Angela R. (Angie) (SEA) <AJones@perkinscoie.com>; Dufresne, Andrew (MSN) <ADufresne@perkinscoie.com>; Jennifer Smith <jennifer.smith@bristolgrouplaw.com>; Benjamin Bay <bbay@bristolgrouplaw.com>
**Subject:** RE: Oman Fasteners v. United States (Fed Cir. appeal)

Michael,

Holiday travel and absences have complicated our ability to confer with our client about your request.  We should be able to provide a response after the New Year holiday.

In your most recent email you say that if you file a motion to dismiss, you will seek attorney's fees. On what basis will you make such a request?  Are you suggesting that you will be seeking sanctions? Please clarify.  Given the nature of such a request, you need to be perfectly clear about what you intend and why.

Best regards,

Adam

Adam H. Gordon
The Bristol Group PLLC

1707 L Street NW
Suite 570
Washington, DC 20036
D: 202.991.2701
M: 703.593.6191
E: adam.gordon@bristolgrouplaw.com
W: www.bristolgrouplaw.com



***CONFIDENTIALITY NOTICE:***

*This message is being sent by or on behalf of a lawyer; it is intended for the exclusive use of the individual or entity to which it is addressed and may contain information that is privileged or confidential or otherwise legally exempt from disclosure.  If you are not the named addressee or an employee or agent responsible for delivering this message to the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it.  If you have received this message in error, please notify us immediately by e-mail and delete all copies of the message.*

**From:** Huston, Michael (Perkins Coie) <MHuston@perkinscoie.com>
**Sent:** Thursday, December 21, 2023 6:21 PM
**To:** Adam Gordon <adam.gordon@bristolgrouplaw.com>
**Cc:** House, Michael P. (Perkins Coie) <MHouse@perkinscoie.com>; Caridas, Andrew (Perkins Coie) <ACaridas@perkinscoie.com>; Jones, Angela R. (Angie) (Perkins Coie) <AJones@perkinscoie.com>; Dufresne, Andrew (Perkins Coie) <ADufresne@perkinscoie.com>; kelly.geddes2@usdoj.gov; Ian.McInerney@trade.gov
**Subject:** RE: Oman Fasteners v. United States (Fed Cir. appeal)

Hi Adam,

I haven't received a response from you to my email from last week, so I'm following up. Can you please let me know whether you will stipulate to voluntarily dismiss Mid Continent's appeal in this case?

I noticed that Mid Continent filed a letter with Commerce this week arguing that the 1.65% deposit rate should remain in effect for Oman Fasteners per the terms of Judge Baker's injunction. We obviously disagree with that argument for the reasons explained in our response letter (attached) filed yesterday. But regardless, that argument has no bearing on the mootness of Mid Continent's Federal Circuit appeal. The premise of the appeal was that Mid Continent is harmed by the *injunction* of the initial 154.33% rate, not by application of the 1.65% rate. And that 154.33% rate is not going into effect for Oman Fasteners on a go-forward basis no matter what. Even if Judge Baker vacated his injunction entirely tomorrow, Mid Continent would suffer no harm because the applicable rate at that point would obviously be 0.0% (from the 7th AR), not the 154.33% rate that Mid Continent advocated in the Trade Court. There is accordingly no relief that the Federal Circuit can provide to Mid Continent, which makes its appeal moot.

We need to know by December 28—which is two weeks after Commerce's published instructions to CBP—whether you're willing to voluntarily dismiss Mid Continent's appeal in accordance with your prior representation to the Federal Circuit that the 7th AR would moot the appeal. If you're not willing, please let us know so that we can prepare a motion to dismiss the appeal as moot. In that instance, though, we'll need to seek our attorney's fees from Mid Continent for preparing that motion, based on the backtracking from your prior representation and the fact that there is no longer any colorable argument for maintaining the appeal.

Please let me know as soon as possible. Thank you.

Michael


**Michael Huston** | **Perkins Coie LLP**
**FIRMWIDE CO-CHAIR – Appeals, Issues & Strategy**
Washington, DC | Phoenix, AZ
202.434.1630
MHuston@perkinscoie.com

---

**From:** Huston, Michael (PHX) <MHuston@perkinscoie.com>
**Sent:** Thursday, December 14, 2023 8:59 PM
**To:** adam.gordon@bristolgrouplaw.com; lauren.fraid@bristolgrouplaw.com
**Cc:** House, Michael P. (WDC) <MHouse@perkinscoie.com>; Caridas, Andrew (WDC) <ACaridas@perkinscoie.com>; Jones, Angela R. (Angie) (SEA) <AJones@perkinscoie.com>; Dufresne, Andrew (MSN) <ADufresne@perkinscoie.com>; kelly.geddes2@usdoj.gov; Ian.McInerney@trade.gov
**Subject:** Oman Fasteners v. United States (Fed Cir. appeal)

Hi Adam,

Happy holidays. I wanted to touch base with you about Mid Continent's appeal to the Federal Circuit in No. 2023-1661—the appeal of Judge Baker's injunction against application of Commerce's AR6 decision imposing a 154.33% margin against Oman Fasteners.

As I'm sure you're aware, Commerce has finalized the AR7 result for Oman Fasteners with a 0.0% margin. That decision has been published in the Federal Register and CBP has received instructions to implement the 0.0% rate. That 0.0% rate, not the injunction rate, is now in effect.

You previously represented to the Federal Circuit in your Motion for Expedited Briefing (attached) that this development would moot your appeal. You wrote: The final AR7 "cash deposit rate will supersede the 1.65 percent rate imposed by the Trade Court, thus mooting any challenge to the permanent injunction." Page 16. We agree with you: this appeal is now moot.

Will you stipulate to dismiss Mid Continent's appeal under Federal Rule of Appellate Procedure 42(b)(1), with each party to bear its own costs?

- Michael

[CC to Kelly Geddes and Ian McInerney for their awareness.]

**Michael Huston** | **Perkins Coie LLP**
**FIRMWIDE CO-CHAIR – Appeals, Issues & Strategy**
Washington, DC | Phoenix, AZ
202.434.1630
MHuston@perkinscoie.com

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.