

The Bristol Group PLLC
1707 L Street, NW
Suite 570
Washington, D.C. 20036
202-991-2700
www.bristolgrouplaw.com

Adam H. Gordon
(202) 991-2701
adam.gordon@bristolgrouplaw.com

February 15, 2024

**By ECF**

Mr. Jarrett B. Perlow
Clerk of the Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

Re:   *Oman Fasteners, LLC v. United States*, Case No. 23-1661 — Letter Pertaining to Related Case No. 24-1350

Dear Mr. Perlow:

Defendant-Appellant Mid Continent Steel & Wire, Inc. ("Mid Continent") respectfully submits this letter concerning a related appeal pending before this Court, *Oman Fasteners, LLC v. United States*, Case No. 24-1350.  Mid Continent has moved to stay that appeal or, alternatively, to consolidate it with this appeal (the "Motion to Stay") because the sole issue to be briefed in that appeal (a determination to apply facts available with an adverse inference) arises from the same factual record, involves the identical parties, and is fully briefed and joined before this Court in this appeal.  Plaintiff-Appellee Oman Fasteners LLC ("OF") opposes the Motion to Stay.  *See* Case No. 24-1350 ECF Doc. No. 13.

On February 8, 2024, Defendant United States filed a response (the "Response") to Mid Continent's Motion to Stay.  Mid Continent hereby submits a copy of the Government's

Mr. Jarrett B. Perlow
Clerk of the Court
United States Court of Appeals for the Federal Circuit
February 15, 2024
Page 2

Response, which states that the Government does not intend to either challenge or defend the Trade Court's determination that the U.S. Department of Commerce abused its discretion by applying an adverse inference to OF. Case No. 24-1350 ECF Doc. No. 14. In fact, the Government stated its understanding that the adverse inference issue is the sole issue in dispute in Case No. 24-1350, and, accordingly, that the Government's involvement in Case No. 24-1350 "may be unnecessary". *Id*. at 2. Attached hereto is a copy of the Government's Response for the Court's information and reference in this appeal.

Please contact the undersigned with any questions that may arise concerning this submission.

                Respectfully submitted,

                */s/ Adam H. Gordon*
                Adam H. Gordon, Esq.
                Jennifer M. Smith-Veluz, Esq.
                Benjamin J. Bay, Esq.
                **THE BRISTOL GROUP PLLC**
                1707 L Street, NW, Suite 570
                Washington, DC 20036
                202-991-2700

                *Counsel to Defendant-Appellant Mid Continent Steel & Wire, Inc.*

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| OMAN FASTENERS, LLC, | ) |
| Plaintiff-Appellee, | ) |
| v. | ) No. 2024-1350 |
| UNITED STATES, | ) |
| Defendant, | ) |
| And | ) |
| MID CONTINENT STEEL & WIRE, INC., | ) |
| Defendant-Appellant. | ) |

## DEFENDANT'S RESPONSE TO MOTION TO STAY

Defendant, the United States, respectfully submits this response to the motion to stay filed by defendant-appellant, Mid Continent Steel & Wire, Inc. (Mid Continent) (ECF No. 11). We defer to the Court as to whether it is appropriate to grant Mid Continent's motion to either stay this case pending the outcome of the interlocutory appeal or consolidate the two appeals.

As explained in its motion, Mid Continent has now filed two appeals of decisions in this case. The first is an interlocutory appeal of the Court of International Trade's February 15, 2023 opinion and order remanding this case to the Department of Commerce after finding that Commerce had abused its

discretion in applying an adverse inference in its determination of the dumping rate for Oman Fasteners, LLC. The second is this appeal of the final judgment upholding Commerce's remand redetermination. The United States is not participating in Mid Continent's interlocutory appeal.

Nor does the Government now intend to either challenge or defend the trial court's determination that Commerce abused its discretion by applying an adverse inference to Oman Fasteners. We understand that determination to be the sole issue in dispute in this appeal, such that the Government's involvement in the appeal may be unnecessary. If any other challenges to Commerce's remand redetermination are raised on appeal, however, we would like the opportunity to respond.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Tara K. Hogan
TARA K. HOGAN
Assistant Director

| | |
|---|---|
| OF COUNSEL:<br>IAN A. MCINERNEY<br>Attorney<br>Department of Commerce<br>Office of the Chief Counsel<br>   For Trade Enforcement<br>   & Compliance | /s/ Kelly Geddes<br>KELLY GEDDES<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 20044<br>Telephone:  (202) 307-2867<br>Facsimile:  (202) 353-0461 |
| February 8, 2024 | Attorneys for Respondent-Appellee |

3