

The Bristol Group PLLC
1707 L Street, NW
Suite 570
Washington, D.C. 20036
202-991-2700
www.bristolgrouplaw.com

Adam H. Gordon
202-991-2701
adam.gordon@bristolgrouplaw.com

June 11, 2024

**VIA CM/ECF**

Mr. Jarrett B. Perlow
Clerk of the Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

**Re:    *Oman Fasteners, LLC v. United States*, No. 23-1661
Response to Notice of Supplemental Authority**

Dear Mr. Perlow:

Defendant-Appellant Mid Continent Steel & Wire, Inc. respectfully responds to Oman Fasteners LLC's ("OF") June 10, 2024 Notice of Supplemental Authority, discussing an unreported CIT decision, *Cambria Co. v. United States*, 2024 WL 2722558 (May 28, 2024) (the "Notice").[1]

OF's Notice should be rejected. First, an unreported CIT decision is not precedential at this court, and thus it is not clear that it satisfies Rule 28(j)'s requirement that supplemental authority be "pertinent and significant".

Second, *Cambria* is not final for purposes of appeal. The CIT remanded the case. 2024 WL 2722558 at *7. Commerce's final determination is not yet known, or whether it will be further appealed.

Third, *Cambria* presents fundamentally different facts, "which involved an atypical deadline and a five-hour delay, but otherwise resulted in the submission

---

[1] OF erroneously identifies the CIT case as *Cambria Co. v. Antique Marbonite Pvt. Ltd.* Letter at 1. *Antique Marbonite* is a Consolidated Plaintiff, not the Defendant.

Mr. Jarrett B. Perlow
Clerk of the Court
U.S. Court of Appeals for the Federal Circuit
June 11, 2024
Page 2

being received within business hours on the date upon which it was due." *Id*. at *7. Commerce set an unusual 10am deadline but was unable to provide any reason for doing so. *Id*. at *6. While the respondent missed that deadline, it still filed the submission in its entirety "approximately two hours *before* the standard {5pm} deadline", *and* on the day it was due. *Id*. at *5 (footnote omitted).

      In contrast, in the instant appeal, the standard 5pm deadline applied. *See* Blue Br. at 5-10. OF failed to file a complete response by 5pm and ignored its late filing for more than five weeks until Commerce rejected it. Only then did OF request a retroactive extension, though it never demonstrated "extraordinary circumstances" required by Commerce's regulations. *Id*.

      Fourth, consistent with the fundamentally different facts, *Cambria* specifically held that the CIT decision underlying 23-1661 was "not dispositive" of that appeal. 2024 WL 2722558 at *6. The same is true in reverse, and the Court should reject the Notice.

Respectfully submitted,

*/s/ Adam Henry Gordon*
Adam Henry Gordon

*Counsel to Mid Continent Steel & Wire, Inc.*

cc: All counsel of record via CM/ECF

Word count: 347

