2023-1661

_____

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

_____

**OMAN FASTENERS, LLC,**
*Plaintiff-Appellee*

**v.**

**UNITED STATES,**
*Defendant*

**MID CONTINENT STEEL & WIRE, INC.,**
*Defendant-Appellant*

_____

Appeal from the United States Court of International Trade in No. 1:22-cv-00348-MMB, Judge M. Miller Baker

_____

## OPPOSITION TO MOTION TO RESCHEDULE HEARING

Adam H. Gordon
Jennifer M. Smith
**THE BRISTOL GROUP PLLC**

Dated: October 21, 2024            *Counsel to Defendant-Appellant Mid Continent Steel & Wire, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 23-1661 |
| **Short Case Caption** | Oman Fasteners, LLC v. US |
| **Filing Party/Entity** | Mid Continent Steel & Wire, Inc. |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Dated: October 21, 2024

Signature: /s/ Adam H. Gordon

Name: Adam H. Gordon

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☐ None/Not Applicable |
| Mid Continent Steel & Wire, Inc. | | Wholly owned by DEACERO USA Inc., a subsidiary of DEACERO S.A.P.I. de C.V. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| The Bristol Group PLLC | Adam H. Gordon | Jennifer M. Smith |
| Lauren Fraid (no longer with the firm) | | Benjamin J. Bay |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below) ☑ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

Defendant-Appellant Mid Continent Steel & Wire, Inc. ("Mid Continent") respectfully opposes the Motion to Reschedule Hearing ("Motion") filed October 18, 2024 by Appellee Oman Fasteners LLC ("Oman Fasteners"). While the undersigned is sympathetic to the potential scheduling conflict described by Oman Fasteners, the Court should deny the Motion and leave the hearing schedule in place.

Just like the events leading to the missed Commerce filing deadline at the heart of this appeal, the scheduling predicament Oman Fasteners' counsel describes was an easily avoidable problem of their own creation and responsibility.

According to Oman Fasteners, when submitting its notice advising the Court of scheduling conflicts in this appeal, it relied on representations from the Third Circuit concerning the scheduling of a hearing and "sincerely believed" that there would be no conflict for the hearing in this appeal. Motion at 2. However, the Third Circuit has scheduled the hearing on a different date, November 6, 2024. *Id*. at 2-3.

Based on the docket of the Third Circuit appeal, Oman Fasteners' counsel did not to notify the Third Circuit that this Court had scheduled argument in this appeal for November 7.

Docket Entry 225 of the Third Circuit docket excerpt, submitted as Exhibit A to the Motion, indicates that Oman Fasteners' counsel acknowledged the Third Circuit Clerk's Text Order concerning the hearing (Docket Entry 219). But it reveals no communication of any kind with the Clerk notifying the Third Circuit of the hearing schedule of this appeal.

So the Third Circuit had no awareness of the potential scheduling conflict, much less any reason to believe that any issue would arise, when it set its hearing date.

This is certainly regrettable, but we respectfully submit that the Third Circuit's decision to schedule a hearing on November 6 and the resulting scheduling issue is a matter for Oman Fasteners' counsel to address with that court, rather than something justifying significant disruption of proceedings in this court that the Court and parties have tailored their personal and professional schedules to accommodate.

Oman Fasteners' motion does not indicate that it has made any effort to address matters at the Third Circuit.

Next, counsel to Oman Fasteners claims that it would be "very difficult" for him to argue before this court on November 7. He also

contends that "{m}y appellate co-counsel in this case, Andrew Dufresne, also cannot feasibly argue this case on November 7".

What counsel does not acknowledge, however, is that their legal team appearing in this appeal includes other attorneys with significant appellate experience arguing before this court who are actually better informed of the events underlying this appeal. To the extent one of Oman Fasteners' legal team has a scheduling conflict, other members of the firm listed as counsel on their briefs possess significant appellate experience and indeed greater experience and knowledge of the events that led to this appeal.

Messrs. House and Caridas, for example, were personally involved in the Commerce proceeding that led to this appeal, as well as the Trade Court appeal. They are experienced appellate advocates. A simple PACER search shows that Mr. House is listed as counsel of record in no fewer than 10 appeals before this Court alone, and Mr. Caridas is listed as counsel of record in eight appeals in this court alone. Indeed, Oman Fasteners' Response Brief was signed by Mr. House. Moreover, Mr. House is listed as arguing counsel in the

companion appeal, 23-1039, which is set for hearing at the same date and time.

As this shows, to the extent Oman Fasteners' expected arguing counsel has been jammed up by a scheduling predicament of their own creation, other highly experienced members on their team – who were in fact personally involved in the underlying Commerce proceeding leading to this appeal and thus are particularly well-suited to respond to questions at oral argument – can readily appear and argue.

As a final matter, the undersigned has arranged multiple personal and professional commitments around the existing hearing schedule. This includes time set aside to prepare for the hearing, activities related to other client matters and deadlines, and upcoming overseas business travel and meetings and personal travel. It would be difficult and disruptive to rearrange multiple commitments at this time in order to accommodate Oman Fasteners' counsel's request.

*     *     *

For the foregoing reasons, Mid Continent respectfully opposes the Motion and the disruption it would cause to the court and counsel. The Court should leave the hearing schedule unchanged.

Respectfully submitted,

_/s/ Adam H. Gordon_
Adam H. Gordon, Esq.
Jennifer M. Smith, Esq.
**THE BRISTOL GROUP PLLC**
1707 L Street, NW
Suite 570
Washington, DC 20036
202-991-2700

Dated:  October 21, 2024

_Counsel to Defendant-Appellant Mid Continent Steel & Wire, Inc._

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limitation of Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure.

This response contains 741 words.

This motion complies with the typeface requirements Rule 32(a)(5) of the Federal Rules of Appellate Procedure, and the typestyle requirements of Rule 32(a)(6) of the Federal Rule of Appellate Procedure, in accordance with Rule 27(d)(1)(E) of the Federal Rule of Appellate Procedure.

This response has been prepared in a proportionally spaced type face using Microsoft Word in Century Schoolbook 14-point font.


Dated:  October 21, 2024

*/s/ Adam H. Gordon*
Adam H. Gordon
**THE BRISTOL GROUP PLLC**
*Counsel to Defendant-Appellant Mid Continent Steel & Wire, Inc.*